UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10299 RGS

GERARD D. GRANDOIT,

v.

STAPLES, INC.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

December 6, 2011

STEARNS, D.J.

*Pro se* plaintiff Gerard Grandoit filed this lawsuit seeking damages as a result of defendant Staples, Inc.'s declination of his "Staples" credit card at one of its stores. Grandoit asserts eleven claims against Staples: (1) a violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. (FCRA); (2) a violation of the Fair Credit Billing Act, 15 U.S.C. §1666, et seq.; (3) an apparent second violation of the FCRA; (4) a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq.; (5) breach of contract; (6) violations of the First, Fifth, and Fourteenth Amendments; (7) violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 1, et seq.; (8) violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.; (9) gross negligence and recklessness; (10) "miscellaneous claims" that appear to be a restatement of several previously alleged counts; and (11) unjust

enrichment.  Staples moves to dismiss Grandoit's Complaint asserting that it is "unwieldy" and, notwithstanding, fails to "allege specific facts sufficient to support any plausible claims.  Rather, it appears that [Grandoit] is simply upset his credit card was declined and has attempted to create a potential cause of action where none exists."[1]  Def. Mem. at 2.

## BACKGROUND

The allegations of the Complaint, viewed in the light most favorable to Grandoit as the nonmoving party, are as follows.  Grandoit opened a Staples credit account in 2006.  "Without notice," sometime in 2009, the account was "discontinued . . . due to information that Citicorp received from the credit bureau against him which caused his account to close."  Compl. at 2.  Subsequently, Grandoit attempted to use his card to purchase a computer monitor at a Staples store located at 176 Alewife Brooks Parkway, Cambridge, Massachusetts, and was "declined."  Grandoit claims that he was

---

[1] Staples notes that Grandoit is no stranger to this court.  *See Grandoit v. Gilson*, 08-cv-10934-JLT (D. Mass. 2008); *Grandoit v. Murray*, 08-cv-10938-RGS (D. Mass. 2008); *Grandoit v. Coop. for Human Serv.*, 08-cv-10939-DPW (D. Mass. 2008); *Grandoit v. Liberty Mut. Ins. Co.*, No. 08-cv-10941-PBS (D. Mass. 2008); *Grandoit v. Bane*, 08-cv-11045-DPW (D. Mass. 2008); *Grandoit v. Direct Merch. Bank and Portfolio Acquisitions, LLC*, 08-cv-11276-JLT (D. Mass. 2008); *Grandoit v. The Physician Network, Inc.*, 08-cv-11494-JLT (D. Mass. 2008); *Grandoit v. Network Capital Funding Corp.*, 09-cv-10730-RWZ; *Grandoit v. Bank of Am.*, 09-cv-11004-RWZ (D. Mass. 2009); *Grandoit v. Frigidaire, Electrolux Warranty Corp.*, 10-cv-10298-JLT (D. Mass. 2010).

"embarrassed and humiliated" when the store manager explained, after "making a phone call for him to find out what was going on," that his credit account had been cancelled. *Id.* at 1. Grandoit later contacted Staples to let it know that Citicorp had "wrong information." *Id.* ¶ 6. He also complained that Staples had obtained his credit information from a credit reporting agency without his permission and he planned "to raise [against it] . . . claims under state and federal law." *Id.* at 2. Grandoit demanded "$3.00 for each word in the letter . . . $6,487.00" as damages. Staples did not respond to Grandoit's letter. This action followed.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted).

"[I]n reviewing a Rule 12(b)(6) motion, [a court] may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to the plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007), quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). *See also Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998) (When a "complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings.").

In his Complaint, Grandoit repeatedly references his "contract account," "a contract with . . . terms on legal and mutual boundary accounts," and the "existence of a contract." Compl. at 1, 2 and ¶¶ 37-39. To its motion, Staples attaches a copy of the operative Citibank Card Agreement for the Staples Personal Credit Card Program (Agreement). The Agreement identifies Citibank (South Dakota), N.A. as the issuer of the credit account. While the program is entitled "Staples Personal Credit Card Program," the Agreement is clear that Citibank (South Dakota), N.A. is the provider of the credit and that it manages the account.

The immediately relevant provision in the Agreement is entitled (in bold print) "Changes to this Agreement." It provides in part:

We may change the rates, fees, and terms of this Agreement at any time

4

> for any reason. These reasons may be based on information in your credit report, such as your failure to make payments to another creditor when due, amounts owed to other creditors, the number of credit accounts outstanding, or the number of credit inquiries. These reasons may also include competitive or market-related factors. Changing terms includes adding, replacing, or deleting provisions relating to your account and to the nature, extent, and enforcement of the rights and obligations you or we have relating to this Agreement. These changes are binding on you.

Agreement at 8. Another proviso of the Agreement states that "[w]e may close your account or suspend account privileges at any time for any reason without prior notice."

Staples is not a party to the Agreement governing Grandoit's Staple's credit card. There are no allegations in the Complaint supporting Grandoit's claims against Staples. Accordingly, his Complaint will be <u>DISMISSED</u> with prejudice. The Clerk will enter an Order of Dismissal and close this case. The court, taking notice of the numerous filings by this litigant, *see* n.1, deems him to be an abusive litigant. The Clerk therefore is directed to accept no further Complaints by Grandoit for filing unless he has obtained the prior written permission of the court.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE